# United States Court of Appeals
### For The District of Columbia Circuit

_____

| | |
|---|---|
| **No. 25-3041** | **September Term, 2024** |
| | 1:23-cr-00427-DLF-1 |
| | **Filed On:** July 3, 2025 |

United States of America,

    Appellee

    v.

Dan Edwin Wilson, also known as Daniel Edwin Wilson,

    Appellant

    **BEFORE:**    Katsas, Rao, and Walker, Circuit Judges

## O R D E R

Upon consideration of the government's letter informing the court that it will not defend the district court's decision in this case, it is

    **ORDERED** that

> Alexander Cave
> Covington & Burling LLP
> One CityCenter
> 850 Tenth Street, NW
> Washington, DC 20001-4956

a member of the Bar of this court, be appointed as amicus curiae to present arguments in support of the district court's March 13, 2025 memorandum opinion and order denying appellant's 28 U.S.C. § 2255 motion. The court has concluded that it is in the court's interest to appoint amicus. See D.C. Circuit Handbook of Practice and Internal Procedures 26 (2024). It is

    **FURTHER ORDERED** that the following briefing schedule will apply in this case:

| | |
|---|---:|
| Appellant's Brief | September 5, 2025 |
| Appendix | September 5, 2025 |
| Brief for Amicus Curiae | October 6, 2025 |

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-3041**                                                    **September Term, 2024**

Appellant's Reply Brief                                             October 27, 2025

     If the government intends to submit any filings in support of its current position, it must do so by the same deadlines applicable to appellant.

     The parties will be informed later of the date of oral argument and the composition of the merits panel.

     Appellant should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

     To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43–44 (2024); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

     Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

<b><u>Per Curiam</u></b>

                                                 **FOR THE COURT:**
                                                 Clifton B. Cislak, Clerk

                                BY:    /s/
                                                 Selena R. Gancasz
                                                 Deputy Clerk