IN THE

# United States Court of Appeals
# for the District of Columbia Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DAN EDWIN WILSON, also known as Daniel Edwin Wilson,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of Columbia
No. 1:23-cr-00427-DLF, Hon. Dabney L. Friedrich

## COURT-APPOINTED *AMICUS CURIAE*'S
## OPPOSITION TO APPELLANT'S MOTION
## TO AMEND THE BRIEFING SCHEDULE

Mark W. Mosier
Alexander J. Cave*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 2001
202-662-6000

*Court-Appointed* Amicus Curiae

September 19, 2025

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A. Parties and *Amicus Curiae*.

The parties appearing in the district court were Appellant Dan Edwin Wilson and Appellee the United States of America. The parties appearing in this Court are the same, except that Alexander J. Cave was appointed as *amicus curiae* to present arguments in support of the opinion and order below.

## B. Rulings Under Review.

Wilson appeals the district court's opinion and order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The opinion of the district court is available at *United States* v. *Wilson*, No. 1:23-cr-00427-DLF, 2025 WL 1009047 (D.D.C. Mar. 13, 2025) (Friedrich, J.).

**C.     Related Cases.**

This case has not previously been before this Court or any other court.  *Amicus* is not aware of any other related cases currently pending in this Court or any other court.

/s/ Alexander J. Cave
Alexander J. Cave

*Court-Appointed* Amicus Curiae

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS,  AND RELATED CASES ............................................................................................ i

TABLE OF AUTHORITIES .................................................................. iv

INTRODUCTION ................................................................................ 1

BACKGROUND ................................................................................... 3

ARGUMENT ........................................................................................ 6

I.  There Is No Reason to Revise the Briefing Schedule or to Restrict *Amicus*'s Participation. ....................................................... 6

    A.  The Court Acted Well Within Its Authority in Appointing *Amicus*, Whose Role Is to Present Arguments that May Assist the Court. ................................. 8

    B.  The Court Reasonably Exercised Its Discretion in Setting the Existing Briefing Schedule ................................. 12

    C.  Wilson's Own Conduct Belies Any Assertion that the Existing Schedule Is Unreasonable. ..................................... 13

CONCLUSION ................................................................................... 16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

CASES

*Chambers* v. *Burwell*,
 824 F.3d 141 (D.C. Cir. 2016) ............................................................. 10

*Ctr. for Biological Diversity* v. *EPA*,
 56 F.4th 55 (D.C. Cir. 2022) ............................................................. 12

*In re Flynn*,
 973 F.3d 74 (D.C. Cir. 2020) ................................................................. 9

*Glossip* v. *Oklahoma*,
 604 U.S. 226 (2025) ................................................................................. 8

*NRC* v. *Texas*,
 605 U.S. 665 (2025) ................................................................................. 9

*United States* v. *Providence J. Co.*,
 485 U.S. 693 (1988) ................................................................................. 8

*United States* v. *Thorpe*,
 No. 23-3027, 2025 WL 2446004 (D.C. Cir. Aug. 26, 2025) ............ 8, 11

*United States* v. *Wilson*,
 No. 1:23-cr-00427-DLF, 2025 WL 1009047 (D.D.C. Mar.
 13, 2025) ................................................................................................. 4

PRESIDENTIAL ACTIONS

Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025) .................... 4

TREATISES

Restatement (Second) of Contracts § 4 (A.L.I. 1981) .............................. 15

Restatement (Second) of Contracts § 19 (A.L.I. 1981) ............................ 15

## Rules

D.C. Cir. R. 27 ................................................................................14

D.C. Cir. R. 28 ................................................................................13

D.C. Cir. R. 29 ................................................................................13

Fed R. App. P. 26 ...........................................................................12

Fed. R. App. P. 29 ..........................................................................12

Fed. R. App. P. 31 ..........................................................................13

## INTRODUCTION

In early July, this Court appointed the undersigned *Amicus* to present arguments supporting the district court's denial of Appellant Dan Wilson's motion to vacate his sentence, which the Government declines to defend. The Court set a briefing schedule under which *Amicus*'s brief was due 30 days after Wilson's opening brief (and the Government's, if it files one). Wilson did not object to the *amicus* appointment—which the Government had urged—or to the briefing schedule. And in late August, he sought a 45-day extension of his opening brief deadline, which the Court granted, and agreed not to oppose any future request *Amicus* might make for an extension of the same length. The new briefing schedule, like the old one, gives *Amicus* 30 days to file.

Now, though, Wilson moves to amend the revised briefing schedule his own extension motion precipitated—and, along the way, to seriously restrict *Amicus*'s Court-ordered participation in this appeal. Wilson seems to think that in granting his extension motion, the Court somehow removed the Government from the case; that the new scheduling order accordingly somehow implies that *Amicus* is not really an *amicus*, but an illicit, unappointed prosecutor standing in for the Government; and that

the only way to prevent violations of the party presentation principle and separation of powers from resulting is to cut the month the Court has twice afforded *Amicus* to file down to a week, restrict what *Amicus*'s brief may say, and preclude *Amicus* from offering oral argument.

Wilson is wrong many times over. There is no reason to upend the reasonable briefing schedule the Court has set or alter *Amicus*'s role.

To start, the Court acted well within its authority in appointing an *amicus* to give itself the benefit of adversarial presentation of the issues, consistent with longstanding practice. And *Amicus* is, of course, just an *amicus*—not a party, and certainly not an unappointed prosecutor. Nor do the Court's routine scheduling orders suggest otherwise. *Amicus*'s limited role here is no different than that of dozens of court-appointed *amici* before him: to present the arguments the Court has requested to assist the Court as it considers this appeal.

The Court also reasonably exercised its docket management discretion in setting a briefing schedule that afforded *Amicus* 30 days to file a full-length responsive brief. And the Court's new order afforded *Amicus* that amount of time because the original scheduling order, to

which Wilson never objected, did so—not because it was silently ordering *Amicus* to somehow replace the Government as a party.

Finally, Wilson's own conduct precludes him from arguing that it is unreasonable to give *Amicus* more than one week to file. *Amicus*'s 30-day deadline was in place for more than two months before Wilson objected. Wilson, moreover, just sought and received a 45-day extension in this already-delayed appeal. And he has agreed to consent to a 45-day extension of *Amicus*'s deadline should *Amicus* seek one. Any and all of that conduct forecloses any argument that 30 days is too long.

This Court should deny Wilson's motion.

## BACKGROUND

On June 3, 2022, federal agents executed a search warrant at Wilson's home in Kentucky and found firearms that federal law bars Wilson from possessing. Dkt. 59 at 9–11.[1] Wilson was therefore charged with, and eventually pleaded guilty to, two firearms offenses. Separately, for his role in the events of January 6, 2021, he pleaded guilty to conspiracy to impede or injure federal officers. *Id.* at 1–9. The district

---

[1] References to "Dkt." are to entries on the district court docket. *See United States* v. *Wilson*, No. 1:23-cr-00427-DLF (D.D.C.).

court sentenced him to concurrent 5-year terms for each of the three offenses. *See United States* v. *Wilson*, No. 1:23-cr-00427-DLF, 2025 WL 1009047, at *1 (D.D.C. Mar. 13, 2025); Dkt. 56; Dkt. 79.

In February 2025, Wilson moved under 28 U.S.C. § 2255 to vacate his sentence, citing his receipt of a pardon applicable to "offenses related to events that occurred at or near the United States Capitol on January 6, 2021." Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025); Dkt. 110 Ex. A (Wilson's certificate of pardon, employing same language); *see* Dkt. 107. Wilson insisted that the pardon covered the firearms offenses, not just the conspiracy offense, on the theory that absent his conduct on January 6, the Government would not have conducted the search that turned up the firearms he was unlawfully possessing. Dkt. 107 at 2–4.

Although the Government just weeks before had argued that "the plain language" of Wilson's pardon covered only the conspiracy offense, Dkt. 103 at 2, it reversed course, agreed with Wilson, and declined to oppose the motion, Dkt. 108. The district court, however, agreed with the Government's original view, held that the pardon applied only to the conspiracy conviction, and denied the motion. *See Wilson*, 2025 WL 1009047, at *1–9.

Wilson timely appealed in late March 2025. Dkt. 114. The Government then notified this Court that it would "not defend the district court's decision in this case," and observed that "accordingly, the Court may wish to consider the appointment of amicus curiae." Doc. 2118045 at 1.[2] So on July 3, 2025, a panel of this Court (Judges Katsas, Rao, and Walker) appointed the undersigned "as amicus curiae to present arguments in support of" the district court's decision. Doc. 2123693 at 1. The Court's order directed that Wilson file his opening brief by September 5, 2025; that *Amicus* file his brief by October 6, 2025; and that file Wilson his reply brief by October 27, 2025. *Id.* at 1–2. It further provided that "[i]f the government intends to submit any filings in support of its current position, it must do so by the same deadlines applicable to appellant." *Id.* at 2.

On August 26, 2025, counsel for Wilson indicated to *Amicus* that he intended to seek an extension of approximately 45 days to file his opening brief. Decl. of Court-Appointed *Amicus Curiae*, Ex. A. *Amicus* indicated that he would not object to that request if Wilson would agree not to

---

[2] References to "Doc." are to entries on the docket in this appeal unless otherwise indicated.

oppose an equal extension of *Amicus*'s deadline, should *Amicus* seek one. *Id.* Without responding to *Amicus*, Wilson moved this Court for a 45-day extension and represented that *Amicus* had "no opposition to the requested extension." Doc. 2132113 at 2. The Court granted the motion and reset the briefing schedule accordingly, directing that Wilson's brief be filed by October 20, 2025; that *Amicus*'s brief be filed by November 19, 2025; and that Wilson's reply brief be filed by December 10, 2025. Doc. 2132214.

Wilson then filed the instant motion to amend the revised briefing schedule. Doc. 2134079 ("Mot."). Wilson's counsel did not consult with *Amicus* before filing, but the motion represents that "[t]he amicus opposes by requiring excess time after Appellant's brief." Mot. 1–2.

## ARGUMENT

### I. There Is No Reason to Revise the Briefing Schedule or to Restrict *Amicus*'s Participation.

Wilson's motion contends that this Court's routine *scheduling order* "portends violations of: the party presentation rule, the Constitutional Separation of Powers, and a legitimate 'appointed' amicus' role of writing about the record to aid the Court in understanding the law used below." Mot. 5. His theory seems to be that in granting Wilson's own request for

6

a 45-day extension, the Court somehow gave *Amicus* "Executive Branch party status by having eliminated the DOJ's Appellee brief from the schedule." *Id.* at 17.[3] And he claims that to correct this supposed error and clarify that *Amicus* "is not acting as a special prosecutor in place of the Government," the Court must enter a new scheduling order that (1) orders *Amicus* to file his brief "no more than 7 days after" Wilson's opening brief; (2) orders the Government to file an Appellee brief "on or by 7 days after" Wilson's opening brief; (3) specifies that "appointment of the amicus is to provide *neutral aid* and 'wisdom' to the Court by defending the legal basis as contained in the lower court's record . . . without creating an unconstitutional party opponent . . . or allowing unlimited argument outside the record"; and (4) prohibits *Amicus* from presenting oral argument. *Id.* at 5, 18–19.

The Court should deny Wilson's motion, which provides no reason to revise the reasonable briefing schedule the Court has set or to limit the time-tested role of a court-appointed *amicus*. The Court acted well

---

[3] Wilson thus appears to contend only that the Court went astray in the process of granting his extension motion, not that the Court exceeded its authority by appointing *Amicus* in the first place. *Cf.* Mot. 17 ("The court can ask for amicus to bring understanding to the law used by Judge Friedrich . . . .").

within its authority in appointing *Amicus*, whose role is merely to provide the Court with the benefit of adversarial argument—not to replace the Government as Appellee.  The Court reasonably exercised its discretion in affording *Amicus* 30 days to file his brief.  And Wilson's conduct precludes from him arguing that those 30 days must be cut to seven.

### A. The Court Acted Well Within Its Authority in Appointing *Amicus*, Whose Role Is to Present Arguments that May Assist the Court.

To ensure that its own decision-making process may benefit from adversarial briefing and argument, this Court routinely appoints *amici* when the Government declines to defend a district court decision on appeal.  *See, e.g.*, *United States* v. *Thorpe*, No. 23-3027, 2025 WL 2446004, at *2 (D.C. Cir. Aug. 26, 2025).  So does the Supreme Court—indeed, just last Term, it appointed an *amicus* to present arguments defending a death sentence the State of Oklahoma would not.  *See Glossip* v. *Oklahoma*, 604 U.S. 226, 242 (2025).  The practice, in short, is well engrained in our judicial system and well within a federal court's authority.  *See United States* v. *Providence J. Co.*, 485 U.S. 693, 704 (1988).  As this Court has put it: "precedent and experience have recognized the authority of courts to appoint an *amicus* to assist their

decision-making . . . , including in criminal cases." *In re Flynn*, 973 F.3d 74, 81 (D.C. Cir. 2020).

The Court thus acted well within its authority, and in keeping with longstanding practice, when it appointed *Amicus*—at the Government's urging—"to present arguments in support of" the district court's decision here, which the Government declines to defend on appeal. Doc. 2123693 at 1; *see also* Doc. 2118045 at 1. And to be clear, *Amicus* is just that: an *amicus*. "[P]articipation by *amici* in a court proceeding does not make the *amici* parties, even if the court invited such participation." *NRC* v. *Texas*, 605 U.S. 665, 677 (2025). *Amicus* is here to provide the Court with the benefit of adversarial presentation of the issues to assist the Court in correctly disposing of this appeal. And that is all.

The Court's routine scheduling orders do not somehow suggest otherwise, as Wilson contends. Both orders identify *Amicus*, unsurprisingly, as "Amicus Curiae." Both list the "United States of America," not *Amicus*, as the Appellee in the case caption. And neither "eliminate[s] the DOJ's Appellee brief from the schedule," as the linchpin premise of Wilson's argument holds. Mot. 17. On the contrary, the Court's original scheduling order stated that "[i]f the government intends

to submit any filings in support of its current position, it must do so by the same deadlines applicable to appellant." Doc. 2123693 at 2. The Court's second scheduling order does not override that directive. And to the extent there is any confusion about that fact, the obvious and straightforward fix is to re-issue the second scheduling order with a notation indicating that the Government may file briefs by Wilson's deadlines—not to declare a separation of powers violation and restrict *Amicus*'s briefing time and participation in the name of addressing it.

Finally, Wilson misunderstands "a legitimate 'appointed' amicus' role" in demanding that the Court preemptively police *Amicus*'s brief—limiting him only to "writing about the record to aid the Court in understanding the law used below"—and prohibit *Amicus* from presenting oral argument. Mot. 5; *see also*, *e.g.*, *id.* at 1–2, 5, 13, 18–19. For one thing, this Court "may affirm the district court on any ground supported by the record." *Chambers* v. *Burwell*, 824 F.3d 141, 143 (D.C. Cir. 2016). Any non-appointed *amici* that may file briefs supporting affirmance will be free to argue for any such ground; *Amicus* is no more restricted just because the Court has ordered his participation. For another, if *Amicus* makes an argument that Wilson believes is not

properly before the Court, Wilson may say so in his reply brief, and the Court may disregard the argument if it agrees. *See Thorpe*, 2025 WL 2446004, at *2–3. And as for argument time: this Court routinely provides it to court-appointed *amici*. *See, e.g.*, *United States* v. *Thorpe*, No. 23-3027 (D.C. Cir. Oct. 23, 2024), Doc. 2081482; Order, *United States* v. *Fokker Servs. B.V.*, No. 15-3016 (Aug. 28, 2015), Doc. 1570369.

In sum, Wilson offers no reason to cut down *Amicus*'s briefing window or restrict his participation. Allowing *Amicus* to participate just as plenty of court-*amici* have before him, and on a similar timetable, will not destroy the separation of powers. And it will not mean the Court is somehow bound by anything *Amicus* might say in his brief or at argument. Again, *Amicus*'s role is merely to provide the Court with fulsome arguments supporting affirmance which, together with those Wilson (and perhaps the Government) will provide supporting reversal, will assist the Court in disposing of this appeal correctly. There is nothing improper about that role, or the time the Court has given *Amicus* to fulfill it.[4]

---

[4] *Amicus* takes no position on Wilson's apparent contention that the Government *must* file a brief. *See* Mot. 14–16.

## B. The Court Reasonably Exercised Its Discretion in Setting the Existing Briefing Schedule.

In claiming that *Amicus*'s 30-day briefing window must be cut back to seven days, Wilson entirely overlooks that this Court, like all federal courts, has discretion to set briefing schedules. It exercised that discretion entirely reasonably in affording *Amicus* 30 days to file here.

Under the Federal Rules of Appellate Procedure, the *default* rule is that an *amicus* brief supporting neither party must be filed "no later than 7 days after the appellant's or petitioner's principal brief is filed." Fed. R. App. P. 29(a)(6). But this Court "may manage [its] docket as [it] see[s] fit." *Ctr. for Biological Diversity* v. *EPA*, 56 F.4th 55, 70 (D.C. Cir. 2022). And the Federal Rules recognize as much: they provide that "[a] court may grant leave for later filing" of an *amicus* brief, Fed R. App. P. 29(a)(6), and may in general "extend the time prescribed . . . to perform any act," Fed R. App. P. 26(b).

The Court reasonably exercised this docket management authority in departing from the default and ordering *Amicus*'s brief due 30 days after Wilson's opening brief. The Court routinely orders similar briefing windows for court-appointed *amici*. *See, e.g.*, Order, *United States* v. *Thorpe*, No. 23-3027 (D.C. Cir. July 16, 2024), Doc. 2064927; Order,

*United States* v. *Fokker Servs. B.V.*, No. 15-3016 (May 5, 2015), Doc. 1550745. That practice is eminently reasonable: among other considerations, court-appointed *amici* may file full-length briefs under this Court's Rules 28 and 29, and 30 days is the shortest default period the Federal Rules of Appellate Procedure provide for the filing of full-length briefs. *See* Fed. R. App. P. 31(a)(1). And here, in affording *Amicus* 30 days to file in the revised schedule, the Court was merely affording *Amicus* the amount of time the original briefing schedule—to which Wilson never objected—had contemplated. It was not silently giving *Amicus* party status, as Wilson suggests.

## C. Wilson's Own Conduct Belies Any Assertion that the Existing Schedule Is Unreasonable.

Even setting aside all of the above, Wilson's own conduct precludes him from maintaining that a 30-day deadline for *Amicus*'s brief is somehow unreasonable. As just noted, the original schedule contemplated the same deadline. Yet for more than two months after that schedule issued, Wilson failed to object: he did not do so when the initial briefing schedule was set, when he moved for an extension, or at any other time. He cannot now claim that a deadline that was apparently reasonable for all that time has suddenly become unreasonable.

Wilson and his counsel, moreover, have proceeded with no sense of urgency in this appeal since the Court entered the initial briefing schedule, belying any suggestion that it is unreasonable to afford *Amicus* 30 days rather than seven. The reason a new briefing schedule exists is because Wilson himself last month sought a 45-day extension of his opening brief deadline, ostensibly to facilitate his ongoing efforts to secure a new presidential pardon covering his firearms convictions. Doc. 2132113. Wilson's counsel sought that lengthy extension even though there had already been a delay of more than three months between Wilson's notice of appeal and the Court's order setting an initial briefing schedule. In light of that conduct, Wilson is in no position to claim that *Amicus* should now have only seven days to file a brief of the same length as his own opening brief.

That is especially so because Wilson has already agreed not to object to a 45-day extension of *Amicus*'s briefing deadline, should *Amicus* seek one. Before filing his own motion for a 45-day extension, Wilson's counsel sought *Amicus*'s position on the motion. *See* D.C. Cir. R. 27(g)(2). Had counsel at that time advised *Amicus* that he was planning to request that *Amicus*'s time to file be reduced to seven days, *Amicus* would have

objected to Wilson's extension motion.  But counsel did not do so.  *Amicus* therefore agreed, notwithstanding the questionable basis for the requested extension, to consent as a professional courtesy—but only on the condition that Wilson not object should *Amicus* later seek an extension of up to the same length.  Decl. of Court-Appointed *Amicus Curiae*, Ex. A. By filing his motion without responding to *Amicus*, and representing in that motion that *Amicus* did not object, Doc. 2132113, Wilson agreed to that condition by his conduct.  *See, e.g.*, Restatement (Second) of Contracts §§ 4, 19 (A.L.I. 1981) (promise and acceptance of offer may be implied by conduct).

Wilson has thus sought his own 45-day extension in an already-delayed appeal *and* agreed to another 45-day extension for *Amicus*—all without ever objecting to the 30-day deadline for *Amicus*'s brief that has been in place since the day of *Amicus*'s appointment.  Given that conduct, Wilson's belated contention that *Amicus* should have only seven days to file his brief rings entirely hollow.

## CONCLUSION

This Court should deny Wilson's motion to amend the briefing schedule.

Dated: September 19, 2025

Respectfully submitted,

*/s/ Alexander J. Cave*
Mark W. Mosier
Alexander J. Cave*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 2001
202-662-6000

**Court-Appointed* Amicus Curiae

# CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Cir. R. 32(e)(1), this document contains 3,137 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook.

*/s/ Alexander J. Cave*
Alexander J. Cave

*Court-Appointed* Amicus Curiae

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2025, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Counsel for other parties are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Alexander J. Cave
Alexander J. Cave

*Court-Appointed* Amicus Curiae