THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 25-3041
_____

UNITED STATES OF AMERICA,                    Plaintiff/Appellee,

v.

DAN EDWIN WILSON,                            Defendant/Appellant.

## APPELLANT'S REPLY IN SUPPORT OF HIS MOTION AT DOCUMENT #2134079 TO AMEND THE BRIEF SCHEDULING ORDERS

The Appellant, **DAN EDWIN WILSON**, through undersigned counsel, respectfully moves this Court to grant his Motion ("the Motion") at Document #2134079, and provides this Reply to the questionably filed Response by Amicus Curiae at Document #2135916, and provides the following in support:

**I.    BACKGROUND**.

As stated in the Motion with legal support, an Amicus is not a party. Motion at 9, 14. The most recent scheduling order omitted the United States as the Appellee, gave the Amicus an extended brief filing time outside the time listed in the Appellate Rules as if it was party opponent to Mr. Wilson, and did not limit the Amicus' role to explaining the law used by Judge Friedrich in her district court opinion for the

benefit of this Court. Yet the appointed Amicus Curiae filed a Response as if it is a party to the case without referring to any Rule that allows it to file a Response. Document #2135916. The United States has filed nothing in Response.

## II.   ARGUMENT

The Amicus Curiae's Response speaks for itself as to why this Court must grant Mr. Wilson's Motion. It has assumed the role of party opponent. And instead of arguing any valid reasons as to why it needs more time than normally required in the Rules for an amicus brief - that should be meant only to advise this Court on the lower court's judgment – without leave to file under any Rule for a Response it argues for a broad role without limitation.

The above is concerning when considered that the selection of this conflicted amicus curiae is questionable. On February 25, 2025, President Donald Trump issued a presidential memorandum directing the suspension of security clearances that included the law firm Covington & Burling who provided legal services to former special counsel Jack Smith.[1] Of further concern regarding neutrality or a conflict is Covington's ties to the Lawyers' Committee for Civil Rights Under the Law. For example, in 2016 Lawyers' Committee board member and former co-chair

---

[1] Among the many published reports is one from Time Magazine, https://time.com/7272466/law-firms-trump-wilmerhale-jenner-block-paul-weiss-covington-burling/ current as of September 26, 2025.

Thomas S. Williamson Jr., senior counsel, Covington & Burling received an award from the group.[2] Darren Teshima serves as a General Counsel of Covington Burling according to the firm's website and currently serves on the board of the Lawyers' Committee for Civil Rights of the San Francisco Bay Area (LCCRSF). While the Lawyers' Committee for Civil Rights Under the Law proclaims itself to be non-partisan on its website, its politics are openly anti-Trump, as can be assessed from the press releases put out by the Lawyers' Committee on a regular basis and the cases it is involved in against Trump.[3] There is, of course, nothing wrong with that in and of itself, but for the purposes of this case and what should be a requirement for neutrality regarding the law and a Presidential pardon, it is relevant.

By its Response the Amicus Curiae proves the point that the Court should grant Mr. Wilson's reasonable motion even if it chooses not to disqualify the Amicus Curiae for a conflict of interest.

IV. **CONCLUSION**

WHERFEORE for good cause shown and in the interests of justice the Court should grant Mr. Wilson's Motion.

---

[2] "Lawyers' Committee for Civil Rights Under Law Recognizes Outstanding Lawyers, Law Firms and Clients During Annual Awards Reception," by Nick Diaz | Dec 13, 2016 | Press Releases.
[3] See D.D.C. Case 1:21-cv-00400-APM currently active.

September 26, 2025               Respectfully submitted,

/s/ Carolyn Stewart
Carolyn Stewart
Appellant's Attorney
Stewart Country Law PA
Plant City, FL 33567
T: 813-659-5178
E: carolstewart_esq@protonmail.com

**CERTIFICATE OF COMPLIANCE**

1. I hereby certify that this Reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) of the Federal Rules of Appellate Procedure. As measured by the undersigned's word-processing system used to prepare this motion, the motion contains 537 words.

2. This document complies with the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a 14 point proportionally spaced roman style typeface (Times New Roman).

September 26, 2025               Respectfully signed,

/s/ Carolyn Stewart
Carolyn Stewart
Appellant's Counsel

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

September 26, 2025            Respectfully submitted,

                                         <u>/s/ Carolyn Stewart</u>
                                         Carolyn Stewart
                                         Appellant's Attorney