# THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 25-3041

_____

**UNITED STATES OF AMERICA,**  **Plaintiff/Appellee,**

v.

**DAN EDWIN WILSON,**  **Defendant/Appellant**.

## UNOPPOSED MOTION FOR EXTENSION TO FILE OPENING BRIEF AND APPENDIX BY APPELLANT

COMES NOW Appellant DAN EDWIN WILSON by and through undersigned counsel pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, with consent from Daniel Lenerz of the US Attorney's Office for the Government Appellee as party, and respectfully requests that this Court grant an extension of 14 days with a revised due date of November 3, 2025, for Mr. Wilson to file his opening Brief and Joint Appendix in this matter, with no other changes to the briefing schedule dates. He supports his request as follows:

The current due date for Mr. Wilson's opening Brief is October 20, 2025, 2025. (Order at Document # #2132214). The Appellee's brief, if submitted, is due

the same date as the Appellant's brief. Document #2139166. The amicus brief is currently due on November 19, 2025.

Mr. Wilson requires this extension because continuing investigation of the facts behind what was placed on the record regarding which government entity contacted him on January 23-24, 2025, directing him back to prison created a new sub-issue about the pardon controversy. A key person with details about how any controversy ever arose will not be available until after October 17, 2025. Mr. Wilson's brief cannot completely address his pardon issues without resolution of these facts one way or the other.

Because he remains imprisoned with the issue being that he was pardoned by President Trump under Pardon Proclamation 10887 and direction to the U.S. Attorney General as execution authority, Mr. Wilson requests that the other dates on the scheduling order (Document #2139166) remain in effect. There will be no detriment to the Court-appointed amicus if it still must provide its brief on November 19, 2025, with that date being 16 days after Mr. Wilson's brief if the Court grants the extension.

The federal rule sets 7 days as the standard time after a party brief for delivery of an amicus brief. See USCS Fed Rules App Proc R 29. Here, the reason for the appointed amicus brief does not rely on the brief by either party. This Court appointed amicus curiae on July 3, 2025, with a directed purpose "to present

arguments in support of the district court's March 13, 2025 memorandum opinion and order denying appellant's 28 U.S.C. § 2255 motion." Document #2123693.

Because Mr. Wilson's claim is that he is unjustly imprisoned, while those with information key to his brief have not yet made themselves available, his requirement for an extension should not work to his further detriment. There is no reason to extend the scheduled dates for amicus or Replies. The district court's March 13, 2025, memorandum opinion and order that amicus curiae was directed by this Court to defend has not and will not change during Mr. Wilson's requested 14-day extension period. Further, the amicus knows it is not a party opponent and therefore should not require additional time –while Mr. Wilson's investigation does require an extension for the ends of justice. As amicus wrote:

> And Amicus is, of course, just an amicus—not a party, and certainly not an unappointed prosecutor. . . . Amicus's limited role here is no different than that of dozens of court-appointed amici before him: to present the arguments the Court has requested to assist the Court as it considers this appeal.

Document #2135916 at 2.

Because Mr. Wilson's Appellant brief requires time to verify information for a sub-issue from a person presently unavailable, the Court should grant the short extension. To not add further detriment to Mr. Wilson, the scheduled date of November 19, 2025, for the amicus brief and the December 10, 2025, date for any Appellant or Appellee Reply should not be extended.

## CONCLUSION

Wherefore, because the Appellant has shown good cause for an extension, where the ends of justice will be served without detriment to any party in allowing an extension for Mr. Wilson to present his issues, and because he remains imprisoned, the Court should grant the short extension for the Appellant's Brief and Appendix to be due on November 3, 2025 without change to any of the other scheduled due dates, where any Appellee brief will be due on November 3, 2025; the amicus brief will remain due on November 19, 2025; and any Replies will be due on December 10, 2025.

| | |
|---|---|
| October 10, 2025 | Respectfully submitted, |
| /s/ *Carolyn Stewart* | /s/ *George T. Pallas* |
| Carolyn Stewart | George T. Pallas |
| Appellant's Attorney | Counsel for Dan Edwin Wilson |
| Bar No. 64495 | Bar No: 65943 |
| Stewart Country Law PA | GEORGE T. PALLAS, P.A |
| 1204 Swilley Rd. | 2420 SW 22nd Street |
| Plant City, FL 33567 | Miami, FL 33145 |
| T: 813-659-5178 | 305-856-8580 |
| F: 813-365-3183 | 305-860-4828 FAX |
| E: carolstewart_esq@protonmail.com | george@pallaslaw.com |

# CERTIFICATE OF COMPLIANCE

1. I hereby certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) of the Federal Rules of Appellate Procedure. As measured by the undersigned's word-processing system used to prepare this motion, the motion contains 693 words.

2. This document complies with the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a 14 point proportionally spaced roman style typeface (Times New Roman).

October 10, 2025

/s/ Carolyn Stewart
Carolyn Stewart
Appellant's Counsel


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

October 10, 2025                 Respectfully submitted,

/s/ Carolyn Stewart
Carolyn Stewart
Appellant's Attorney