**THIS CASE HAS NOT BEEN SET FOR ORAL ARGUMENT**

# THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 25-3041
_____

| UNITED STATES OF AMERICA, | Plaintiff/Appellee, |
|---|---|
| v. | |
| DAN EDWIN WILSON, | Defendant/Appellant. |

## APPELLANT'S REPLY TO AMICUS' LETTER AND RESPONSE (RESPECTIVELY DOCUMENTS #2139856 AND #2140029) RE: MOTION AT DOCUMENT #2139824 TO AMEND THE BRIEF SCHEDULING ORDER

The Appellant, **DAN EDWIN WILSON**, through undersigned counsel, respectfully moves this Court to grant his Motion ("the Motion") at Document #2139824, and provides this Reply to the Letter ("the Letter" at Document #2139856) and the illegitimate Response ("the Response" at Document #2140029) filed by non-party Amicus Curiae, and provides the following in support:

There is no Federal or local rule that allows an amicus to file Motions and Responses as if it were a party to the case. Yet amicus again has assumed the role of party opponent to Mr. Wilson and filed the Subject Letter and Response. Mr. Wilson

previously requested that this Court make clear the amicus' role, and it declined to do so. Document #2139166.

Amicus' argument for being given extended time for its brief relies solely on an unjustified assumption that it is entitled to the same time as a party opponent. That clearly is not its role but those are the amicus' demands, with the intended detriment of additional prison time it seeks to impose on the pardoned Mr. Wilson. If adhering to its limited role in the appeal, Amicus has had more than ample time to make all its briefing arguments given what this Court Directed its limited role to be.

Amicus yet again misrepresents an exchange it had with Appellant's counsel Mr. Pallas. On August 26, 2025, although not required to do so, Mr. Pallas politely advised amicus of the initial extension request. (Filed at Document #2132113). The party who did not oppose was the United States – amicus was never a party. Mr. Pallas wanted to ensure that amicus' schedule would not be conflicted given an extension but never needed amicus agreement. His email was a professional courtesy. Mr. Pallas made no recommendation one way or the other for the amicus brief date. More importantly, amicus never wrote that he needed the same amount of extension time as he conveys in the Response. He only wrote that he agreed "Provided that you'll agree not to object <u>should I need to seek an extension of up to the same length, I have no objection</u>." #2135916 at 4. (Emphasis added). "Should I need" was the operative term. The noteworthy point is that <u>Mr. Cave never wrote to</u>

<u>Mr. Pallas or undersigned that he needed a mirrored extension of time</u>. In fact, Mr. Cave / amicus has never openly written any justification to this Court for any extension of time beyond what the rules allow. Rule 29 allows 7 days after the party brief.

Mr. Wilson filed a Motion for specification of amicus' role and to adjust dates because the Court's scheduling orders facially treated the appointed amicus as a party opponent and allotted extended time for amicus' brief for no cause shown. Document #2134079 "APPELLANT'S OPPOSED MOTION TO AMEND THE BRIEF SCHEDULING ORDERS IN DOCUMENTS #2123693 AND #2132214." In short, the Court had issued its recent Order (Document #2132214) that omitted mention of the Appellee brief; the Appellee claimed to the undersigned via email that it was no longer the Appellee and that Mr. Wilson was filling that role; and without any justification amicus opposed filing its brief according to the published rule timelines.

Without any justification by amicus to extend the time allowed by the rules, the current brief schedule automatically allowed amicus 30 days after Mr. Wilson's brief to file – as if amicus were a party. The Rules (Fed. R. App. P. 29, Circuit Rule 29 and Circuit Handbook at 38) provide that amicus filings should be provided ~7 days after a party. The Appellee's brief is due on the same date as the Appellant's brief, with the current due date being October 20, 2025. Document #2132214.

3

Unopposed by the Appellee, and through no fault of his and with valid justification, Mr. Wilson requested a 14-day extension until November 3, 2025, to file his opening Brief in the present Motion at issue. Document #2139824. Mr. Wilson's counsel has used due diligence in researching, investigating, and preparing the opening Brief. The very arguably "neutral" amicus' previously used words of opposition that are accusatory and falsely claimed undersigned counsel proceeded with no urgency in the appeal. Amicus all but states that Mr. Wilson should be punished for needing an extension. Document #2135916 at 20. Mr. Wilson maintains his position that amicus is conflicted and should not be assigned to this appeal. Document #2137416 at 2.

    The Amicus Curiae's non-party letter to the Court Clerk, and now its subject Response as if it is a case party, demands without any valid justification that the Court reject the request by Mr. Wilson that the existing date of November 19, 2025, for the amicus brief not be extended. Yet again, without any rule of procedure that allows an amicus to file a response as if it is a party, the amicus just filed a Response as if it is a party. The Response makes the same arguments as its Letter. Amicus, not a party opponent, will have 16 days after Mr. Wilson's brief to address any law he includes in his brief if his Motion is granted. Sixteen days is more than reasonable. In his Motion Mr. Wilson wrote:

> Because he remains imprisoned with the issue being that he was pardoned by President Trump under Pardon Proclamation 10887 and direction to the U.S. Attorney General as execution authority, Mr. Wilson requests that the other dates on the scheduling order []

remain in effect. There will be no detriment to the Court-appointed amicus if it still must provide its brief on November 19, 2025, with that date being 16 days after Mr. Wilson's brief if the Court grants the extension.

Motion at 2.

The amicus was clearly given the sole direction of defending the Opinion and Order from the court below after Appellee U.S. Attorney wrote that she would not defend that court's decision. Order at Document #2123693. In its subject Letter, amicus whines that Mr. Wilson previously received an extension and refers to this Court's decision to not limit amicus to the Fed. R. App. P. Rule 29 and local rules to a standard 7-day time after the Appellant and Appellee briefs when it set the date of November 19, 2025. Amicus provides no reason now why, as a non-party, it needs any more time past November 19, 2025, solely because Mr. Wilson receives a 14-day extension. The August 26, 2025, email which the amicus yet again refers to (in a partial misrepresentation) is not and was never applicable here.

There is no entitlement to extended time for an amicus by any Federal or local Court rule. Amicus stomps its feet for unjustified entitlement offering no valid reason why this Court should extend the date. Amicus never gave any reason to extend its original brief date past the original schedule. On July 3, 2025, the amicus' brief was scheduled for delivery by October 6, 2025, "to present arguments in support of the district court's March 13, 2025 memorandum opinion and order denying appellant's 28 U.S.C. § 2255 motion." Document #2123693. When Mr.

Wilson received an extension until October 20, 2025, the amicus was automatically given an extension outside the published rules until November 19, 2025, to file. The amicus never requested and never justified any need for more than 7 days after the Appellant and Appellee brief date.

The amicus' Letter and illegitimate, improper, non-party Response provide no justification, cite no supporting rule, and make no argument at all as to why it requires 30 days after Mr. Wilson's brief delivery. Amicus by its own admission was fine with the November 19, 2025, delivery date for its brief and provides nothing as to why it cannot now provide its brief on November 19th with an already extended time of 16 days.

According to the rules, if Mr. Wilson's justified request for a 14-day extension until November 3, 2025, is granted, it would be standard for the amicus brief to be delivered by November 10, 2025. Retaining the current amicus Brief and Reply Brief schedule gives amicus 16 days after Appellant and Appellee briefs are delivered. The lower court's opinion and order will not change during the period that Mr. Wilson requested for his extension, and certainly won't change between his requested opening Brief date of November 3, 2025, and amicus' current Brief due date of November 19, 2025. There is absolutely no reason, indeed none if offered, why as a non-party with a specified mission of explaining the district court's opinion and order for the benefit of this Court that amicus needs any more time to address static

documents. Mr. Pallas never agreed to any justified request for extended time because none was ever requested. And amicus again provided no reason for a 30-day period, in its Letter or Response, aside from apparent belief in some unarticulated yet unjustified entitlement where it insists on acting as a party.

Mr. Wilson should not have to spend additional time unjustly imprisoned after being pardoned by President Trump just because amicus is known to oppose Mr. Trump. Mr. Wilson is imprisoned, and he should not receive the detriment the amicus seeks where, for no valid reason, it demands more than 16 days after the Appellant's (and possibly Appellee's) Brief to file its Brief. Mr. Wilson should not have his period of imprisonment extended just because amicus curiae believes it is entitled to receive a filing timeline of 30 days as if it were a party opponent. In fact, there is no reason that amicus cannot have already filed its Brief where it was appointed solely to explain what the court below wrote in its Opinion and Order.

Because amicus' Letter and improper Response provide no rational or justified reason why it should have its already scheduled and agreed to brief due date now be extended past November 19, 2025, this Court should grant Mr. Wilson's Motion as requested. Amicus should not be allowed to maliciously cause Mr. Wilson the detriment of additional prison time or having to choose to not include an issue where investigation relies on a presently unavailable person.

# **CONCLUSION**

WHERFEORE for good cause shown and in the interests of justice the Court should grant Mr. Wilson's Motion (Document #2139824) with the timings as requested.

October 14, 2025                     Respectfully submitted,

/s/ *Carolyn Stewart*

Carolyn Stewart
Appellant's Attorney
Bar #64495
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
T: 813-659-5178
F: 813-365-3183
E: carolstewart_esq@protonmail.com


/s/ *George T. Pallas*
George T. Pallas, Esq.
Counsel for Dan Edwin Wilson
Bar No: 65943
GEORGE T. PALLAS, P.A.
2420 SW 22nd Street
Miami, FL 33145
T: 305-856-8580
Fax: 305-860-4828
E: george@pallaslaw.com

# CERTIFICATE OF COMPLIANCE

1. I hereby certify that this Reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) of the Federal Rules of Appellate Procedure. As measured by the undersigned's word-processing system used to prepare this motion, the motion contains 1729 words.

2. This document complies with the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a 14 point proportionally spaced roman style typeface (Times New Roman).

October 14, 2025                                Respectfully signed,

                                                /s/ *Carolyn Stewart*
                                                Carolyn Stewart
                                                Appellant's Counsel

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

October 14, 2025                                Respectfully submitted,

                                                /s/ *Carolyn Stewart*
                                                Carolyn Stewart
                                                Appellant's Attorney