UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-3041

UNITED STATES OF AMERICA, Appellee,

v.

DAN EDWIN WILSON, Appellant.

## MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

In response to the Court's November 19, 2025, order requiring the parties to file "motions to govern further proceedings addressing how this case should proceed in light of the President's November 14, 2025 pardon of appellant," the government hereby moves to dismiss this appeal for lack of jurisdiction because it is moot. The undersigned has contacted Carolyn Stewart, Esq., counsel for appellant Dan Wilson, who has indicated that Mr. Wilson opposes this motion.

This is an appeal from the district court's denial of Mr. Wilson's motion under 28 U.S.C. § 2255, in which Mr. Wilson argued that his firearms offenses were covered by President Trump's pardon of "individuals convicted of offenses related to events that occurred at or

near the United States Capitol on January 6, 2021." Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). When it denied Mr. Wilson's § 2255 motion, the district court issued a certificate of appealability as to "whether the continued incarceration of the defendant would violate his Fifth Amendment due process rights in light of President Trump's January 20, 2025 pardon, Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025)" (Doc. 112). *See generally* 28 U.S.C. § 2253(c) (requirement for certificate of appealability). On October 20, 2025, the United States filed a brief urging the Court to find that Mr. Wilson's firearms offenses were covered by President Trump's January 20, 2025, pardon.

On November 14, 2025, President Trump pardoned Mr. Wilson for all offenses involved in this case, including his firearms offenses. *See* Executive Grant of Clemency, *available at* https://www.justice.gov/pardon/media/1418291/dl?inline; *see also* Consent Motion to Dismiss Appeal (Doc. 2147097) (attaching certificate of pardon).[1] Mr. Wilson was released from the Bureau of Prisons' custody that day. *See* BOP Inmate

---

[1] Mr. Wilson has since moved to withdraw his motion to dismiss the appeal (Motion to Withdraw Consent Motion (Doc. 2148055)).

Finder (Dan Wilson, Register Number 42452-510), *available at* https://www.bop.gov/inmateloc/; *see also* Consent Motion to Dismiss Appeal at 2 ("The Federal Bureau of Prisons released Mr. Wilson on November 14, 2025."). Because Mr. Wilson has been pardoned for all crimes in this case and released from custody, this case is now moot.

"A case becomes moot when the court 'can grant no meaningful relief.'" *Maldonado v. District of Columbia*, 61 F.4th 1004, 1006 (D.C. Cir. 2023). When a case becomes moot, this Court lacks jurisdiction to decide it. *See, e.g.*, *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1128 (D.C. Cir. 2024) ("we lack jurisdiction over this appeal because it is moot"). Here, the only question before this Court is "whether the continued incarceration of the defendant would violate his Fifth Amendment due process rights in light of President Trump's January 20, 2025 pardon, Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025)" (Doc. 112). Now, however, Mr. Wilson is no longer incarcerated and, because of the President's November 14, 2025, pardon, cannot be reincarcerated on the charges in this case. This Court thus can grant Mr. Wilson no meaningful relief beyond that which he has already obtained. *See, e.g.*, *Dennis v. Terris*, 927 F.3d 955, 960-61 (6th Cir. 2019) (explaining that a pardon or

commutation would "moot some cases," including "a sentencing commutation that releases an individual challenging only his sentence"); *Bjerkan v. United States*, 529 F.2d 125, 126 (7th Cir. 1975) (holding that appeal from denial of § 2255 motion became moot when President pardoned the defendant).

Answering the issue presented in this case would also require this Court to issue an advisory opinion. The answer to the question presented in the certificate of appealability turns on whether President Trump's January 20, 2025, pardon covered Mr. Wilson's firearms offenses. But the November 14, 2025, pardon indisputably covers Mr. Wilson's firearms offenses, and thus the question whether the January 20, 2025, pardon also covered them is an academic one. "The oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Pub. Serv. Elec. & Gas Co. v. FERC*, 783 F.3d 1270, 1274 (D.C. Cir. 2015) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). This Court thus lacks jurisdiction over this appeal and should dismiss it as moot.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

_____/s/_____
DANIEL J. LENERZ, DC Bar 888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-6829

## Certificate of Service

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, on this 10th day of December, 2025.

/s/
Daniel J. Lenerz
Assistant United States Attorney

## Certificate of Compliance with Rule 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 708 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
Daniel J. Lenerz
Assistant United States Attorney
