# THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 25-3041
_____

UNITED STATES OF AMERICA,                     Plaintiff/Appellee,

v.

DAN EDWIN WILSON,                          Defendant/Appellant.

## APPELLANT'S RESPONSE IN OPPOSITION TO GOVERNMENT MOTION TO DISMISS APPEAL AT DOCUMENT #2149022

The Appellant, **DAN EDWIN WILSON**, through undersigned counsel respectfully submits this Response in opposition to the Government's Motion (Document #2149022) that seeks dismissal of his appeal without any relief that may be provided by the Court; and provides the following in support:

## INTRODUCTION AND SUMMARY

**Reasons to Not Just Moot and Dismiss**: Because this Court could provide relief for the continued consequences, disabilities, and burdens he faces from conviction, Mr. Wilson's case should not be dismissed merely as moot as the government requests in its Motion (Document #2149022). The relief Mr. Wilson proposes is vacatur of his conviction because his appeal became moot with the President's Pardon. Mr. Wilson seeks the relief of vacatur because that is the usual process by this Court when a pardon issues when a case is on appeal. If vacatur will

not be provided, then he seeks that the Government be allowed to proceed as it previously indicated in June 2025 that it could have for a Rule 48(a) dismissal at the D.D.C. to not further prosecute except for what was at the time the pending *Thorpe* case decision ((*United States v. Thorpe*, 148 F.4th 768 (2025)). This Court held in August 2025 that Rule 48(a) could not be used with a § 2255 conviction. The law from this Court could change under a Supreme Court decision favorable to Mr. Thorpe pending the Writ of Certiorari (#25-6255) filed on November 26, 2025.

The Government's Motion overlooks possible relief. Mr. Wilson asks this Court to consider that his relief's outcome depends on resolving two issues. The first is whether the vacatur requirement upon "mootness" applies to only a "*direct appeal*" versus "any appeal." If this Court finds that only a "*direct appeal*" allows vacatur upon mootness that arises from a pardon or otherwise, then secondly, can the government still proceed under Rule 48(a) at the district court given Mr. Wilson's § 2255? This second issue will be answered either when the Supreme Court denies the *Thorpe* Writ or if it takes the case and delivers a holding.

**Background:** Mr. Wilson's district court case attorney never filed a notice of appeal in the original criminal case for sentencing or any issues. (Nor were sentencing or plea matters under ineffective assistance or other claim raised on collateral attack when a new attorney filed the § 2255 motion that addressed the pardon).

2

Mr. Wilson was initially released from prison on January 21, 2025, based on the January 6th Pardon Proclamation. (Executive Action 10887). On or about January 25, 2025, someone from the Probation Services Agency (under the judiciary) called to tell Mr. Wilson that he had to report back to prison. His attorney filed for a stay despite there being no Federal Bureau of Prisons or DOJ direction/order that he should report back to prison. Given filings, the district court refused to accept the Presidential Pardon at Executive Action 10887 despite the DOJ asserting that the Pardon applied to Mr. Wilson for the contraband at his residence in Kentucky that was found only because of the January 6th search warrant.

Mr. Wilson's 28 U.S.C. § 2255 Motion at the D.D.C. was denied and he appealed. He self-surrendered back to prison on April 2, 2025.

The undersigned filed Mr. Wilson's Appellant's Brief and Joint Appendix on November 5, 2025. On November 14, 2025, President Trump signed a new Pardon for Mr. Wilson. The Federal Bureau of Prisons released Mr. Wilson on November 14, 2025. Mr. Wilson filed a Motion to Dismiss his appeal (Document #2147097) as a response to this Court's Order (Document #2146184) that he indicate how he wanted to proceed with his Appeal given the President's Pardon. Upon learning that there was a subsequent Writ of Certiorari for Mr. Thorpe (U.S. Supreme Court #25-6255), Mr. Wilson filed to withdraw his Motion. He asked that instead this Court hold his case in abeyance (Document #2148055). The Writ seeks to overturn this

Court's ruling in *Thorpe*, 148 F.4th 768 that held the government cannot dismiss charges or a conviction under Fed. R. Crim. P 48(a) when the matter falls under 28 U.S.C. § 2255 at the district court level with no active direct appeal.

The Government previously indicated in June 2025 that it would have filed for a dismissal under Rule 48(a) given a remand in Mr. Wilson's § 2255 case - except for the pending *Thorpe* decision by this Court. The Government had previously applied Rule 48(a) to dismiss cases elsewhere on direct appeal because it would not further prosecute where the January 6th Pardon was held as not applicable by a judge. Example, see *United States v. Costianes*, 786 F. Supp. 3d 929 (D. Md. 2025).

**Relief Depends on Court Decisions:** The Supreme Court could overrule the *Thorpe* decision. But separately, there is no precedent the undersigned could locate that held that when a case becomes moot on appeal, the conviction will only be vacated if it is a *direct* appeal or if the appeal was *only specifically for* the *conviction*. The usual Court action of vacatur occurred in cases on appeal when given a pardon.

Mr. Wilson's case is related to the same issue that *Thorpe* addressed. Whether the district court can allow dismissal ((given the Government's prior indication that it would file under Rule 48(a) given a remand to do so)), for this case under § 2255 is not fully settled. Thus, it is premature to dismiss Mr. Wilson's § 2255 as moot.

# **LEGAL STANDARD**

**A. Mootness.** The issue is determined under extensive caselaw. The standards for decisions on habeas "mootness" and for "mootness" overall address both whether further relief can be provided, and whether the Appellant identifies continued consequences that are disabilities and burdens that the Court can relieve. See *Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968).

**1. For Habeas Mootness**, "[A] petitioner's release from custody does not automatically moot a habeas petition." *Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968). Mr. Wilson can maintain his current action despite his release from prison if he identifies 'collateral consequences' constituting 'disabilities or burdens from his conviction.' *Id*. See also *Lorance v. Commandant*, 13 F.4th 1150, 1153 (10th Cir. 2021). There must be a form of relief.

**2. In General for Mootness**.

> A case becomes moot only when it is impossible for a court to grant. . . 'any effectual relief whatever' to the prevailing party. *Erie* v. *Pap's A. M.*, 529 U.S. 277, 287, 120 S. Ct. 1382, 146 L. Ed. 2d 265 (2000) (quoting *Church of Scientology of Cal.* v. *United States,* 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992), in turn quoting *Mills* v. *Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)).

*Knox v. SEIU, Local 1000*, 567 U.S. 298, 307-08 (2012).

A case becomes moot if there is no further case or controversy, and the parties lack even a small cognizable interest. See *Powell* v. *McCormack*, 395 U.S. 486, 496-498 (1969); *Ellis v. Bhd. of Ry.*, 466 U.S. 435, 442 (1984); *Porzecanski v. Azar*, 943 F.3d 472, 479, 444 U.S. App. D.C. 302 (D.C. Cir. 2019); *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204, 407 U.S. App. D.C. 22 (D.C. Cir. 2013).

There must be no relief that the court can grant for the case to be moot. "Thus, 'if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever,' the appeal is moot." *Louie v. Dickson*, 448 U.S. App. D.C. 50, 55 (2020) ((citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992) (citation omitted)).

**B.  Vacatur Upon Mootness and Upon Pardon**. Whether given a pardon or not, mootness on appeal generally leads to vacatur. For a pardon, this Court relies on *Schaffer* where if a criminal defendant on appeal receives "the unpredictable grace of a presidential pardon," the pardon moots the appeal and "ends all litigation." *United States v. Schaffer,* 240 F.3d 35, 38 (D.C. Cir. 2001).  Schaffer held:

> When a case becomes moot on appeal, whether it be during initial review or in connection with consideration of a petition for rehearing or rehearing *en banc*, this court generally vacates the District Court's judgment, vacates any outstanding panel decisions, and remands to the District Court with direction to dismiss. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25, 29, 130 L. Ed. 2d 233, 115 S. Ct. 386 (1994); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 95 L. Ed. 36, 71 S. Ct. 104 (1950); *Clarke v. United States*, 286 U.S. App. D.C. 256, 915 F.2d

6

> 699, 706-08 (D.C. Cir. 1990) (en banc); *Flynt v. Weinberger*, 246 U.S. App. D.C. 40, 762 F.2d 134, 135-36 (D.C. Cir. 1985).
>
> Because the present mootness results not from any voluntary acts of settlement or withdrawal by Schaffer, but from the unpredictable grace of a presidential pardon, vacatur is here just and appropriate. *See U.S. Bancorp*, 513 U.S. at 24-25.

*United States v. Schaffer*, 345 U.S. App. D.C. 111 (2001).

A Pardon is not the only situation where an appeal is mooted, with the requirement then for vacatur:

"Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." *Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979). See *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267 (1936). "Where a case becomes moot after the district court enters judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot." <u>In re Ghandtchi</u>, 705 F.2d 1315, 1316 (11th Cir. 1983).

## ARGUMENT

This Court may offer relief if it treats Mr. Wilson's Pardon the same as any other mooted appeal and does not distinguish direct versus collateral appeals. For the January 6 defendants' cases that were on direct appeal this Court applied vacatur without regard for whether appeals were for the conviction or sentence. The bases of the appeals were not in contention. Notably, no precedent language restricts vacatur for a case on appeal to only apply to a *direct appeal*. It appears possible the issue of whether a mooted § 2255 appeal, and certainly one mooted for a Pardon, requires vacatur was not previously been litigated or addressed. Mr. Wilson seeks the relief of vacatur to remove continuing disabilities and burdens that remain despite the grace of the Pardon.

Because the U.S. Supreme Court may take up the *Thorpe* case and hold that a Rule 48(a) dismissal can apply to dismiss the conviction under § 2255, the Court might offer relief given a government motion for remand. Mr. Wilson requests that his appeal be held open where relief may be possible - without premature dismissal. Dismissal with no further consideration of relief prior to a *Thorpe* decision will ignore the outcome where the Government could proceed as previously indicated with a Motion under Rule 48(a) at the D.D.C.

Mr. Wilson's requested relief may thus depend on: the outcome of the *Thorpe* Writ and subsequent extended application by this Court to vacatur on mootness; or

if this Court were to follow *United States v. Schaffer*, 345 U.S. App. D.C. 111 (2001) to vacate the conviction(s) and remand for dismissal without regard to this not being a direct appeal; or if this Court were to hold the appeal open and upon Government request, remand for the specific purpose of a Rule 48(a) decision if Thorpe prevails.

Regardless of the *Thorpe* case's Rule 48(a) outcome, this Court could require party supplemental briefs on whether Mr. Wilson's § 2255 collateral attack on appeal should be treated the same or differently than cases where a President's pardon was granted while those cases were on direct appeal.

**I. Mr. Wilson's Case is Not Moot at This Time.**

The legal standard described in II. above requires that there be no further controversy, there be no continuing consequences or disabilities, and the Court cannot provide further relief. After the federal felony conviction Mr. Wilson faces disabilities related to voting, licensing, banking, credit, and employment to name a few, where even though pardoned, a process to restore rights must be undertaken in the state and across multiple data bases where "the pardon" does not show up with the conviction record. Even so, almost every employment application requires the applicant to state whether he was ever convicted of a felony, and then provide details such as *when*, where, by what court, and for what. This is even more disconcerting since for the first approximately 6 months after his arrest, Mr. Wilson's firearms possession was being prosecuted by the state because he was not supposed to have

possessed forearms due to an ~ 28-year-old, non-violent state law violation. He may have received a diversionary outcome at state. But, despite its petit policy, the DOJ pursued the state of Kentucky to transfer the case to federal jurisdiction.

According to *Carafas v. LaVallee, Knox*, and the caselaw cited *supra* in II. Legal Standard, Mr. Wilson shows continued disability and consequences. And for the second part of the inquiry, he has a continuing interest as required by *Porzecanski* and *Conservation Force, Inc* where the Court may provide relief either under vacatur or if Thorpe prevails at the U.S. Supreme Court. His interest and the possible outcome are more than mere speculation. There has been no holding that only direct appeals should receive vacatur when mooted, whether for a pardon or not.

Because controversy remains, with Mr. Wilson suffering continued consequences and disabilities, and where the Court may offer relief, the appeal should not be dismissed as moot without vacatur. If the Court will not afford the relief of vacatur, then it should hold the case in abeyance for a potential future remand for Rule 48(a) upon Government request when *Thorpe* is decided.

**II. This Court Should Order Vacatur Because There is No Precedent Stating That When a § 2255 Appeal Becomes Moot Then Vacatur Does Not Apply.**

In every recent January 6th case that was active on appeal in this Court – with all others apparently being on direct appeal – this Court applied precedent from *United States v. Schaffer,* 345 U.S. App. D.C. 111 (2001) to hold the appeals moot,

vacate the convictions, and remand for dismissal as moot. Precedent's language did not require the appeal to be "direct." This Court in following U.S. Supreme Court holdings wrote:

> When a case becomes moot on appeal, whether it be during initial review or in connection with consideration of a petition for rehearing or rehearing en banc, this court generally vacates the District Court's judgment, vacates any outstanding panel decisions, and remands to the District Court with direction to dismiss. . . . Because the present mootness results not from any voluntary acts of settlement or withdrawal by Schaffer, but from the unpredictable grace of a presidential pardon, vacatur is here just and appropriate. See *U.S. Bancorp*, 513 U.S. at 24-25.

*United States v. Schaffer*, 345 U.S. App. D.C. 111 (2001)((internal citations omitted to *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 95 L. Ed. 36, 71 S. Ct. 104 (1950); *Clarke v. United States*, 286 U.S. App. D.C. 256, 915 F.2d 699, 706-08 (D.C. Cir. 1990) (en banc); *Flynt v. Weinberger*, 246 U.S. App. D.C. 40, 762 F.2d 134, 135-36 (D.C. Cir. 1985)).

Mr. Wilson requests that his argument be heard as to vacatur applying to his appeal. The Government's lack of a request for vacatur in its Motion to Dismiss appears to run counter to the Government's position about § 2255 in *Thorpe*. It ignores the undecided Writ in the *Thorpe* case. Is the Government contradictorily positing here that Mr. Wilson's conviction cannot be overturned/vacated by this Court under a mooted § 2255 appeal because convictions are final, despite arguing in *Thorpe* that convictions can be dismissed under § 2255 at the district court? The Government should have to justify the "why" behind not endorsing vacatur and if it is making a distinction among § 2255's and court levels when it comes to overturning

a conviction (such as why vacatur would not apply given a pardon or other event not of an appellant's making where the appeal becomes moot).

Is the Government saying that any January 6th vacatur by this Court was in error unless the case was specifically argued about the conviction and not just the sentence? What about the cases where no briefs or issues had been submitted when the Pardon was granted for the cases on appeal? Or does the Government agree with Mr. Wilson as to relief he may be provided with a favorable decision on the issue of vacatur by this Court? No direct appeal for January 6 defendants who received pardons required identification of the cause for the direct appeal when the Pardon made the case moot. Any who may have only been challenging the sentence, despite issues not yet identified or the appeal involving a plea issue, received vacatur of the convictions based on precedent for mootness that in case language was not restricted to a "direct appeal."

Because no precedent appears to require only a direct appeal for vacatur when a pardon moots the appeal, the Court should vacate Mr. Wilson's convictions and remand for dismissal as moot. In the alternative, the Court should require supplemental briefs, allowing for an appropriate amount of time as coordinated by the Clerk.

## III. The Government Should Clarify its Position on How a Pardon Operates Given a § 2255 Appeal Mooted by a Pardon/Reason not of Appellant's Making.

Mr. Wilson never had the opportunity to join the *Thorpe* matter prior to this Court's decision on that case in August 2025. On June 20, 2025, the Government responded to the undersigned's email that it request a limited remand from this Court to file a Rule 48(a) Motion at the district court because it would not further prosecute. Rule 48(a) contains no language expressly limiting its application to convictions that have not yet become final. The Government answered that given the *Thorpe* § 2255 appeal:

> The question whether the government can move to vacate under Rule 48(a) when a conviction has become final is currently pending before the D.C. Circuit in *United States v. Thorpe*, No. 23-3027 (argued Nov. 5, 2024). Rather than moving for a remand now, when this question is open, we think it best to wait for an opinion in *Thorpe* and decide how to proceed then.

Document #2148055 at 2.

Is the Government contradictorily positing here that Mr. Wilson's conviction cannot be overturned by this Court under a mooted § 2255 appeal because convictions are final, despite arguing in *Thorpe* that convictions can be dismissed under § 2255 and Rule 48(a) at the district court? This ignites cognitive dissonance.

The Government did not address vacatur in its Motion. This was possibly because it made the logic leap that it could not even make the request after *Thorpe*. Or possibly the Government made assumptive rules that run counter to its position

in *Thorpe* where it now distinguishes types of § 2255 actions in an unwritten taxonomy and lexicon where the Executive gets to interpret the statute without any due process in this Court.

The Government's position in *Thorpe* is that it should be able to dismiss convictions under Rule 48(a) for § 2255 cases not on direct appeal at district court. Consistency then demands that a pardon granted during a § 2255 appeal allows the conviction to be vacated if the Government has Rule 48(a) in mind.

If the Government assumed that this Court's position in *Thorpe* does not allow vacatur as relief in Mr. Wilson's case, it should have to state that and explain why it does not make the request for vacatur to bring out the continuing controversy. The Government ignored that this Court has a decision to make – and instead dubiously argues an "advisory opinion" limbo situation because it omitted the vacatur issue. (Document #2149022 at 4). The Government distinguished § 2255 from direct appeals by directing this Court to the Certificate of Appealability and trying to turn that into a non-allowable opinion rather than a controversy it already is party to in *Thorpe*. (*Id*.).

*Thorpe* was given to Mr. Wilson as the Government's reason for not requesting a limited remand for a Rule 48(a) dismissal at district court to not further prosecute Mr. Wilson. The Government has not aligned here with its *Thorpe* position where it should have supported vacatur, even if it expected to be shot down, and

despite the added work that providing a supplemental briefing to this Court would incur. While this Court cannot require the Government to ask for vacatur, it can require the Government to clarify why it did not request it as was done for all January 6 cases that were on appeal when the Pardon was granted. The Government should explain in a supplemental filing whether and why Mr. Wilson needs to be discriminated against, or if it opposes or supports Mr. Wilson's requested relief of vacatur.

Because the Government's position in this case appears inconsistent with its previously stated position in *Thorpe* about Rule 48(a) for § 2255; and omitted the issue of vacatur while inserting a dubious claim about an "advisory opinion," this Court should require a supplemental briefing. The Court should deny the Government's Motion to just dismiss the case as moot.

**IV. Coram Nobis is not a Just or Practical Solution at Present if the Case is Only Dismissed as Moot Without Vacatur**.

A future coram nobis might appear to be an alternative solution should this Court order dismissal without vacatur. The unfairness and injustices in the proceedings and processes for Mr. Wilson's conviction were among the reasons the USAO D.C. received guidance that the January 6th Pardon (EO 10887) applied to Mr. Wilson. The district court ignored the DOJ's position when speaking for the President. No opinion one way or the other (after due process) on whether vacatur

applies to a mooted § 2255 case on appeal bodes against any possible grant of coram nobis at the court below.

It also would be premature to submit a coram nobis motion at the district court if *Thorpe* remains active. It is as if not more judicially efficient to place the case in abeyance here if this Court will not grant vacatur and remand to dismiss.

If Mr. Thorpe prevails, the § 2255 appeal issue in any link to that opinion is better first adjudicated by this Court prior to any remand to dismiss now. Placing the decision for this case in abeyance supports the most efficient use of the resources of both the district court and this Court, unless this Court decides vacatur can be applied to the § 2255 appeal outside of the *Thorpe* issue now. Because of these reasons, this Court should decide to vacate and remand, or alternatively to hold this appeal in abeyance, with potential supplemental briefing on the § 2255 vacatur issue.

## CONCLUSION

Because there is no precedent that states that only cases on direct appeal that become moot (due to no act by the Appellant) may have vacatur applied, this Court should Order vacatur and remand for dismissal. The Court should deny the Appellee's Motion to merely dismiss the appeal.

WHEREFORE, having shown good cause and in the interests of justice, Dan Wilson respectfully requests that the Court grant his requested relief and vacate the convictions and remand with instructions to dismiss the case as moot. In the

alternative, he requests that the Court either place the case in abeyance until such time as the U.S. Supreme Court denies the *Thorpe* Writ or the case is completed if the Writ is accepted; and potentially in the interim require the Parties to file supplemental briefs on a date to be coordinated by the Clerk, on whether the Court should grant vacatur for a § 2255 appeal that is mooted by a Pardon.

December 12, 2025                       Respectfully submitted,

<u>/s/ Carolyn Stewart</u>
Carolyn Stewart
Appellant's Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
T: 813-659-5178
E: carolstewart_esq@protonmail.com

# CERTIFICATE OF COMPLIANCE

1. I hereby certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) of the Federal Rules of Appellate Procedure. As measured by the undersigned's word-processing system used to prepare this motion, the motion contains 4063 words.

2. This document complies with the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a 14 point proportionally spaced roman style typeface (Times New Roman).

December 12, 2025

                                                /s/ *Carolyn Stewart*
                                                Carolyn Stewart
                                                Appellant's Counsel

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

December 12, 2025                            Respectfully submitted,

                                                /s/ *Carolyn Stewart*
                                                Carolyn Stewart
                                                Appellant's Attorney