# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-3041

UNITED STATES OF AMERICA,                                                                         Appellee,

v.

DAN EDWIN WILSON,                                                                                                      Appellant.

## REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

In response to the government's motion to dismiss this appeal as moot, appellant Dan Edwin Wilson asks the Court either to "vacate [his] convictions and remand with instructions to dismiss the case as moot" or to "place the case in abeyance" until the Supreme Court acts on the petition for certiorari in *United States v. Thorpe*, No. 25-6255, "and potentially in the interim require the [p]arties to file supplemental briefs . . . on whether the Court should grant vacatur for a § 2255 appeal that is mooted by a Pardon" (Appellant's Response in Opposition to Government Motion to Dismiss Appeal (Response) at 16-17). Neither of actions is appropriate in this case. The Court should dismiss the appeal as moot.

As the government explained in its motion to dismiss, this is an appeal from the district court's denial of Mr. Wilson's motion under 28 U.S.C. § 2255, in which Mr. Wilson argued that his firearms offenses were covered by President Trump's pardon of "individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). On November 14, 2025, President Trump issued a separate pardon that covered all of Mr. Wilson's offenses involved in this case, including his firearms offenses. Mr. Wilson was released from the Bureau of Prisons' custody that day. Because Mr. Wilson has been pardoned for all crimes in this case and released from custody, this case is now moot.

Asserting that he faces continuing consequences because of his conviction, and quoting the Supreme Court's statement that "a petitioner's release from custody does not automatically moot a habeas petition," *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968), Wilson claims that his appeal is not moot (Response at 5, 9-10). He is incorrect.

The government recognizes that a pardon does not moot all collateral attacks on a conviction, such as when the collateral attack

2

could result in the conviction being vacated. *See, e.g.*, *Lorance v. Commandant*, 13 F.4th 1150, 1165 (10th Cir. 2021) (explaining that a pardon "d[id] not render Lorance's habeas case moot now, but instead only raises the possibility that the case could become moot at a later time, if the court vacates the conviction but determines that a new trial is warranted"; vacatur, "would provide Lorance with at least part of the relief he seeks, because vacating the convictions would alleviate some of their collateral consequences"). Here, however, Wilson did not raise any arguments in his § 2255 motion supporting vacatur of his convictions (see Response at 2 (recognizing that "[n]or were sentencing or plea matters under ineffective assistance or other claim raised on collateral attack when a new attorney filed the § 2255 motion that addressed the pardon")). Rather, Wilson argued that "[t]he continued incarceration of a pardoned defendant is a violation of his right to substantive and procedural due process as guaranteed by the Fifth Amendment to the United States Constitution" (Defendant Wilson's Unopposed motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 107) at 3). The district court thus understood "[t]he issue before [it]" to be "whether the language of the Presidential Pardon related to the

3

January 6, 2021 Capitol events covers Wilson's 2022 Kentucky firearm offenses." *United States v. Wilson*, 2025 WL 1009047, at *9 (D.D.C. Mar. 13, 2025). The only question it certified, and the only issue properly before this Court, is "whether the continued incarceration of the defendant would violate his Fifth Amendment due process rights in light of President Trump's January 20, 2025 pardon, Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025)" (Doc. 112). No answer to that question would entitle Wilson to relief beyond that which has already obtained, which is a pardon of his firearms offenses and release from prison. Thus, although a pardon does not moot all collateral attacks on a conviction, it moots the particular collateral challenge currently before this Court.

This Court's opinion in *United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001), does not entitle Wilson to vacatur of his convictions. In that case, the defendant was pardoned while his direct appeal of his conviction was still pending. *Id.* at 36-37. The Court recognized that "a pardon does not, standing alone, render Schaffer innocent[.]" *Id.* at 38. The Court, however, found vacatur to be "just and appropriate" because the case had become moot on appeal. *Id.* "Finality was never reached on the *legal question* of Schaffer's guilt." *Id.* Here, in contrast, Wilson's convictions

4

became final when he pleaded guilty, the district court entered judgment, and Wilson did not appeal. *See Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012) (judgment becomes final "when the time for pursuing direct review . . . expires"). This case thus does not implicate "the prime reason for vacatur—to protect the losing party from the collateral effects of a judgment that it might have been able to have overturned but for the mooting event." *Clarke v. United States*, 915 F.2d 699, 707 (D.C. Cir. 1990) (en banc). Vacatur of Wilson's final convictions is not appropriate.

Separately, Wilson asks the Court to "place the case in abeyance" until the Supreme Court acts on the petition for certiorari in *United States v. Thorpe*, No. 25-6255, "and potentially in the interim require the [p]arties to file supplemental briefs . . . on whether the Court should grant vacatur for a § 2255 appeal that is mooted by a Pardon" (Response at 16-17). In *United States v. Thorpe*, 148 F.4th 768, 776 (D.C. Cir. 2024), this Court held that, where a defendant's convictions are final on direct appeal, "the prosecution is no longer pending and the government has no authority to dismiss charges under Rule 48(a)" of the Federal Rules of Criminal Procedure. Likewise, where a defendant's convictions are final, "this [C]ourt has no authority to vacate the judgment and authorize the

5

entry of a Rule 48(a) motion." *Id.* at 777. The defendant in Thorpe has petitioned the Supreme Court for certiorari; that petition is currently scheduled for consideration at the Court's January 9, 2026, conference. *See* Online Docket, *Aaron J. Thorpe v. United States*, No. 25-6255 (available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25-6255.html).

The government did not move to dismiss Wilson's convictions under Rule 48(a), and thus the issue presented in *Thorpe* is not before this Court. The government therefore does not believe that any additional briefing is necessary or appropriate. This appeal is moot, and no amount of additional briefing can change that fact. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). However, the government does not object to the Court waiting to decide its motion to dismiss this appeal until the Supreme Court acts on the petition for certiorari in *Thorpe*. If and when the Court denies that petition, Wilson's complaints about the government's failure to move to dismiss his convictions under Rule 48(a) will also become moot.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

/s/
―――――――――――――――――――
DANIEL J. LENERZ, DC Bar 888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-6829

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing reply to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, on this 19th day of December, 2025.

/s/<br>
DANIEL J. LENERZ<br>
Assistant United States Attorney

# CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 1,350 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/<br>
DANIEL J. LENERZ<br>
Assistant United States Attorney