# THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 25-3041

_____

**UNITED STATES OF AMERICA,**                        **Plaintiff/Appellee,**

v.

**DAN EDWIN WILSON,**                                **Defendant/Appellant**.

## CONSENT MOTION TO RENEW MOTION (DOCUMENT #2147097) TO DISMISS APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 42(b)(2) AND LOCAL RULE 42, AND TO WITHDRAW THE MOTION AT DOCUMENT #2148055

The Appellant, **DAN EDWIN WILSON**, through undersigned counsel respectfully moves this Court to renew his Motion at Document #2147097 and dismiss his appeal under Fed. R. App. P. 42(b)(2) and local Rule 42; and provides the following in support:

The government conveyed in correspondence on January 13, 2026, that it does not oppose this Motion. The government previously corresponded on November 17, 2025, that it had no objection to Mr. Wilson filing the Motion (Document #2147097) to dismiss under Fed. R. App. P. 42(b).

Mr. Wilson filed an 18 U.S.C. § 2255 Motion at the district court. ("DEFENDANT WILSON'S UNOPPOSED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255;" 1:23-cr-00427-DLF ECF No. 107). After denying the § 2255 Motion, the district court ordered "that a Certificate of Appealability is hereby ISSUED as to the issue of whether the continued incarceration of the defendant would violate his Fifth Amendment due process rights in light of President Trump's January 20, 2025 pardon, Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025)." (1:23-cr-00427-DLF ECF No. 112).

The undersigned prepared and filed Mr. Wilson's Appellant Brief and Joint Appendix on November 5, 2025, as limited by the certificate of appealability and given that outside of a government option for a Rule 48(a) at district, which was never filed, the conviction (guilty plea) had not been formally challenged at district-level or on direct appeal. On November 14, 2025, President Trump signed a new Pardon for Mr. Wilson. The Federal Bureau of Prisons released Mr. Wilson on November 14, 2025. In response to the Court's Order for intended disposition of the appeal, Mr. Wilson filed a Motion to dismiss his appeal on November 25, 2025. (Document #2147097).

Given the writ of certiorari filed on November 26, 2025, in *Aaron J. Thorpe v. United States*, U.S. Supreme Court No. 25-6255 (this Court's No. 23-3027) about whether a final conviction could be dismissed by the DOJ under Rule 48(a) at district

2

court, Mr. Wilson requested to withdraw his Motion (Document #2147097) to dismiss his appeal until a decision had been reached because there might be relief of vacating his conviction - beyond the relief of his release from prison. The same principles from *Thorpe* appeared to apply as to whether his final conviction could be overturned on a § 2255 appeal and vacated where in this case he was given a pardon. On January 12, 2026, this Court received a letter from the U.S. Supreme Court that denied the Thorpe writ of certiorari. This forecloses the government's ability to file a Rule 48(a) motion and more than implicates that convictions remain final when § 2255 appeals are not appealing the actual conviction on collateral grounds.

The Court has yet to rule on either of Mr. Wilson's Motions (Documents #2147097 and #2148055); or the government's position (Document #2149022) to Dismiss the Appeal as Moot, or Mr. Wilson's Opposition (Document #2150238) to mootness. He now sees the matter as moot. Therefore, Mr. Wilson no longer wishes to pursue supplemental filings regarding § 2255 and vacatur as noted in his Opposition Response (Document #2150238) to the Government's Motion (Document #2149022) to moot the appeal.

Under *Thorpe*, the government cannot ask for a limited remand to dismiss under Rule 48(a). As such, Mr. Wilson acknowledges that under *Thorpe* the precedent in this Circuit is that dismissal of charges cannot apply to a final

court, Mr. Wilson requested to withdraw his Motion (Document #2147097) to dismiss his appeal until a decision had been reached because there might be relief of vacating his conviction - beyond the relief of his release from prison. The same principles from *Thorpe* appeared to apply as to whether his final conviction could be overturned on a § 2255 appeal and vacated where in this case he was given a pardon. On January 12, 2026, this Court received a letter from the U.S. Supreme Court that denied the Thorpe writ of certiorari. This forecloses the government's ability to file a Rule 48(a) motion and more than implicates that convictions remain final when § 2255 appeals are not appealing the actual conviction on collateral grounds.

The Court has yet to rule on either of Mr. Wilson's Motions (Documents #2147097 and #2148055); or the government's position (Document #2149022) to Dismiss the Appeal as Moot, or Mr. Wilson's Opposition (Document #2150238) to mootness. He now sees the matter as moot. Therefore, Mr. Wilson no longer wishes to pursue supplemental filings regarding § 2255 and vacatur as noted in his Opposition Response (Document #2150238) to the Government's Motion (Document #2149022) to moot the appeal.

Under *Thorpe*, the government cannot ask for a limited remand to dismiss under Rule 48(a). As such, Mr. Wilson acknowledges that under *Thorpe* the precedent in this Circuit is that dismissal of charges cannot apply to a final

conviction in a § 2255 case. The caselaw in this Circuit remains that a pardon moots the case. Because the *Thorpe* writ was denied, it now follows that a pardon granted after a conviction is final (i.e. not on direct appeal) will not overturn the conviction without an allowed § 2255 appellate argument on the merits of the conviction.

Undersigned counsel and Mr. Wilson had the opportunity to discuss again the consequences of voluntary dismissal. Mr. Wilson renews his attestation in the previously filed affidavit (Document #2147097) that he is fully aware of the circumstances of his case. Because Mr. Wilson has no further argument, he wishes to voluntarily dismiss his appeal.

## **CONCLUSION**

WHEREFORE, appellant Dan Wilson respectfully requests that the Court act on his original Motion with attached Affidavit at Document #2147097 and dismiss the appeal.

January 13, 2026

Respectfully submitted,

/s/ Carolyn Stewart
Carolyn Stewart
Appellant's Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
T: 813-659-5178
E: carolstewart_esq@protonmail.com

# CERTIFICATE OF COMPLIANCE

1. I hereby certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) of the Federal Rules of Appellate Procedure. As measured by the undersigned's word-processing system used to prepare this motion, the motion contains 734 words.

2. This document complies with the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a 14 point proportionally spaced roman style typeface (Times New Roman).

January 13, 2026

>/s/ *Carolyn Stewart*
>Carolyn Stewart
>Appellant's Counsel

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

January 13, 2026                           Respectfully submitted,

>/s/ *Carolyn Stewart*
>Carolyn Stewart
>Appellant's Attorney